# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

GENE STOWERS                                                              PLAINTIFF

v.                          No. 3:19-cv-238-DPM

STATE OF ARKANSAS; ARKANSAS
DEPARTMENT OF PARKS AND
TOURISM, Powhatan Historic State Park;
KRISTYN WATTS, Park Superintendent,
Individually and in her official capacity;
and MICK HAVEN, Park Interpreter,
Individually and in his official capacity                                 DEFENDANTS

## ORDER

Having been served with Stowers's screened complaint, the defendants move to dismiss across the board. First, the Court's screening Order, № 4, has no preclusive effect. It's not a judgment. Screening is triage, and sometimes the Court misses something or gets the diagnosis wrong. Adversarial briefing almost always adds clarity.

Second, Stowers's claims should be further trimmed. Sovereign immunity bars his state law claims against the State, the Department, and Haven and Watts in their official capacities. *Smith v. Arkansas Highway Police*, 2013 WL 12320409 at *3–*4 (E.D. Ark. 7 October 2013). Stowers's individual capacity claims against Haven and Watts fail because the ADA and Arkansas Civil Rights Act apply to employers, not employees. *Trickey v. Selig*, 2012 WL 3245956 at *2 (E.D. Ark.

not employees. *Trickey v. Selig*, 2012 WL 3245956 at *2 (E.D. Ark. 8 August 2012); *Smith*, 2013 WL 12320409 at *9; ARK. CODE ANN. § 16-123-108(c)(2) (allowing Arkansas Civil Rights Act retaliation claims only against employers, thereby overruling *Calaway v. Practice Management Services, Inc.*, 2010 Ark. 432, 2010 WL 4524659 (Ark. 2010)). His federal official capacity claims against Haven and Watts also drop out because they duplicate his claims against the Department. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). His federal claims against Arkansas are needlessly duplicative, too. And Stowers's federal claims for damages are dismissed. Title I of the ADA did not validly abrogate the State's sovereign immunity. *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356 (2001). Stowers's relief against the Department is therefore limited to his request for reinstatement or an injunction. *Ex parte Young*, 209 U.S. 123, 155–56 (1908); *Treleven v. University of Minnesota*, 73 F.3d 816, 819 (8th Cir. 1996).

Third, Stowers's claims for a hostile work environment and for ADA discrimination and retaliation go forward. The defendants' exhaustion defense fails. Based on the EEOC's right-to-sue letter, and Stowers's timely suit thereafter, the statute's requirement of a letter from the U.S. Attorney General is equitably waived. *See Woods v. State of Missouri Department of Mental Health, Kansas City Regional Diagnostic Center*, 581 F. Supp. 437, 441–44 (W.D. Mo. 1984). Stowers has stated a

retaliation claim. He alleges that before he filed his EEOC charge, his supervisors had said he could work at least through 24 December 2018; but after his supervisors found out about the charge, they said December 21st would be his last day. At the pleading stage, this is enough to create an inference that the supervisors had a retaliatory motive. *Kipp v. Missouri Highway & Transportation Commission*, 280 F.3d 893, 896–97 (8th Cir. 2002). The hostile work environment standard is rigorous, but Stowers's allegations of mistreatment are enough at this stage. As best the Court can tell, Stowers's ADA discrimination claim rests on the same allegations as his hostile work environment claim — supervisor Haven's "white trash" comments, and co-worker Thompson's aggression and assigning Stowers more work. The defendants question the legal effect of a co-worker's actions, and whether Stowers's supervisors knew about his disability. But, in his affidavit, Stowers says the co-worker's actions were one example of how he was mistreated; and he alleges supervisor Haven reviewed his letter to Gov. Hutchinson, which mentioned that Stowers had received food stamps. Discovery will shed light on the nature of — and any difference between — Stowers's discrimination and hostile work environment claims. At this stage, the Court allows both to proceed.

* * *

Motion, № 10, partly granted and partly denied. Stowers's claims against the Department for injunctive relief based on a hostile work environment and ADA discrimination and retaliation are best resolved after discovery.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

6 January 2020